UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AMERICAN MANUFACTURING SERVICES, INC.,

                              Plaintiff,

    v.                                                  3:05-cv-0242
                                                      3:05-cv-0276

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE MATCO ELECTRONICS
GROUP, INC., et. al.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Plaintiff American Manufacturing Services, Inc. ("AMS") commenced the instant action against Defendants in state court asserting various state law causes of action arising out of Defendants' actions that allegedly interfered with AMS's efforts to complete a non-judicial liquidation and to continue to operate as an ongoing entity. Various defendants have removed the matter to this Court claiming that: (1) removal is warranted under 28 U.S.C. § 1442; and/or (2) removal is warranted because the instant litigation arises under, or is related to, a bankruptcy proceeding. Currently before the Court is Plaintiff's motion to remand the matter to state court.

**II.    DISCUSSION**

Pursuant to 28 U.S.C. § 1442, "[a] civil action . . . commenced in a State court against any of the following persons may be removed by them to the district court of the

United States for the district and division embracing the place wherein it is pending: . . . (3) Any officer of the courts of the United States, for any Act under color of office or in the performance of his duties." Removal under § 1442 requires: (1) a colorable claim to a federal law defense; and (2) a causal connection between what the officer has done under asserted official authority and the state prosecution. See Ryan v. Dow Chem. Co., 781 F. Supp. 934, 939 (E.D.N.Y. 1992); see also Jefferson County, Ala. v. Acker, 527 U.S. 423, 431 (1999). "To satisfy the causation element, the defendant must prove that the acts being sued upon were undertaken by a federal officer or person acting under him and that those acts were under color of the relevant federal office." Ryan, 781 F.2d at 939 (quotations and citations omitted); Acker, 527 U.S. at 431 ('"[T]he officer must show a nexus, a causal connection between the charged conduct and asserted official authority.") (internal quotations and citation omitted). "The right of removal may extend to private individuals or entities 'acting under' a federal officer as long as the private actor asserts a colorable federal defense to the state claims." Freiberg v. Swinerton, & Walberg Property Servs., Inc., 245 F. Supp.2d 1144, 1149 (D. Co. 2002) (internal citations omitted). The Supreme Court has rejected a narrow reading of § 1442. Acker, 527 U.S. at 431.

  Defendant Official Committee of Unsecured Creditors ("Creditors' Committee") contends that it is an officer of the courts of the United States because it is a creature of federal statute, it owes a fiduciary duty of the class of unsecured creditors, and it was appointed by the United States Trustee, who, in turn, is an officer of the courts of the United States. Plaintiff disagrees, contending that the term "officer of the courts of the United States" is strictly limited to conventional court officers, such as marshals, bailiffs, court clerks and judges. Plaintiff concedes that the United States Trustee is an officer of the court.

Upon consideration of the creation, purpose, and powers of the Creditors' Committee, the Court finds that it is an officer of the courts of the United States for purposes of § 1442. The Creditors' Committee is a creature of federal statute, designed to protect the interests of creditors. See 11 U.S.C. § 1102; Official Unsecured Creditors' Committee v. Stern (In re SPM Manufacturing), 984 F.2d 1305, 1316 (2d Cir. 1993). Prior to 1986, the creditors' committees were appointed by the court. See 11 U.S.C. § 1102(a) (pre 1986); Pub. Law 95-978, 92 Stat. 2626 ("As soon as practicable after the order for relief under this chapter, the court shall appoint a committee of creditors holding unsecured claims."); In re Gusam Restaurant Corp, 737 F.2d 274, 275 (2d Cir. 1984) ("Pursuant to 11 U.S.C. § 1102(a), [the court] appointed a creditor's committee."); Collier on Bankr. § 1102.01[2] ("[T]he authority to establish committees and appoint members of committees resided with the court."). This is evidence that the Creditors' Committee is, or is acting under, an officer of the court. See United States v. Crispo, 306 F.3d 71, 81 (2d Cir. 2002) (looking to the Bankruptcy Act of 1898 to ascertain whether the bankruptcy trustee is an officer of the court).

Title 11 of the United States Code, Section 1102 was amended in 1986 such that the committees are now appointed by the United States trustee. See Pub. Law 99-554, Title II, § 221, 100 Stat. 3101 (Oct. 27, 1986). The trustee itself is an officer of the court. See Crispo, 306 F.3d at 81; see also King v. United States, 379 U.S. 329, 337 n. 7 (1964); In re Serrato, 117 F.3d 427, 428 (9th Cir. 1997). The trustee has some, albeit limited, oversight of the creditors committee. For example, the trustee reviews applications by the creditors committees for the employment of professionals and makes recommendations to the court regarding the application. Fed. Bankr. R. 2014; United States v. Gellene, 182 F.3d 578, 582 (7th Cir. 1999); Collier on Bankr. § 1103.03[2][a][iii]. This supports a finding that, at the very

least, the Creditors' Committee is acting under an officer of the court. See Freiberg, 245 F. Supp.2d at 1149.

Furthermore, creditors' committees are governed by federal statute and under court supervision. See Pan Am Corp. v. Delta Air Lines, Inc., 175 B.R. 438, 513-514 (Bankr. S.D.N.Y. 1994). For example, unless a court orders otherwise, 11 U.S.C. §1102(a)(1) requires the trustee to appoint a committee of creditors. Section 1102(b)(1) describes who, as a general matter, may be on the committee. Section 1103 prescribes the powers and duties of committees.

More importantly, perhaps, is that the committee is subject to court oversight. Creditor committees are authorized to bring suit only with the approval of the bankruptcy court. In re STN Enter., 779 F.2d 901, 904 (2d Cir. 1985). Similarly, creditors' committees may employ attorneys, accountants or other agents to represent or perform services for the committee only with the court's approval. 11 U.S.C. § 1103(a). The court also has the authority to remove committee members. See In re Voluntary Purchasing Groups, Inc., 1997 WL 155407 at *1, 3 (E.D. Tex. 1997).

Moreover, an analysis of the duties of the creditors' committees distinguishes their role from the types of persons found not to be officers of the court. Unlike private attorneys or process servers (who have been found not to be officers of the court), see Cammer v. United States, 350 U.S. 399 (1956), creditors' committees are not engaged in a private profession and do not run their own business. Rather, the committees' "main function is to advise the creditors of their rights and the proper course of action in the bankruptcy proceeding. . . . [T]he committee owes a fiduciary duty to the creditors, and must guide its actions so as to safeguard as much as possible the rights of minority as well as majority

creditors." Matter of Bohack Corp., 607 F.2d 258, 262 n.4 (2d Cir. 1979). "An official committee of creditors plays a pivotal role in the bankruptcy process. . . . The function of an official creditors committee is to aid, assist, and monitor the debtor to ensure that the unsecured creditors' views are heard and their interests promoted and protected." Pan Am Corp. v. Delta Air Lines, Inc., 175 B.R. 438, 514 (Bankr. S.D.N.Y. 1994) (internal citations omitted). The creditors committee plays a "central statutory role in the Chapter 11 process." Id. Unlike private attorneys, creditors' committees are not agents of the creditors. Creditor's Committee of the Estate of Donlevy's, Inc. v. Kitty Fan Koo, 111 B.R. 1 (Bankr. D. Mass. 1990). In addition, akin to the bankruptcy trustee, creditors' committees are afforded qualified immunity that "extends to conduct within the scope of the committee's statutory or court-ordered authority." Pan Am Corp., 175 B.R. at 514. Finally, at least one court has expressly characterized a creditors' committee as an officer of the court. See In re Ace Finance Co., 69 B.R. 827, 831 (Bankr. N.D. Oh. 1987) ("The duly authorized Court officer obligated to perform this activity in this case was the official Creditors' Committee.").

Based on the foregoing, the Court finds that the Creditors' Committee is an officer of the court within the meaning of 28 U.S.C. § 1442. The next question is whether there is a colorable claim to a federal law defense. This requirement is satisfied. As discussed, the Creditors' Committee is entitled to qualified immunity for conduct within the scope of the Committee's statutory or court-ordered authority. Furthermore, it appears that the claims asserted against the Creditor's Committee pertains, at least in part, to its conduct as the official Creditors' Committee in connection with the underlying bankruptcy proceeding. Although there may be a dispute whether the immunity defense will prevail, that is an issue for trial and does not preclude a finding that removal under § 1442 is warranted. As the

Supreme Court has stated, "one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court. . . . We therefore do not require the officer virtually to win his case before he can have it removed." Acker, 527 U.S. at 431 (internal quotations and citations omitted).

For the above stated reasons, the Creditors Committee had the right to remove the state court action to this Court. Section 1442 does not require all defendants to join in the petition for removal. See Bradford v. Harding, 284 F.2d 307, 310 (2d Cir. 196). Because § 1442 provides this Court with subject matter jurisdiction, see S.S. Silberblatt, Inc. v. East Harlem Pilot Block Building 1 Housing Fund Dev. Co., Inc., 608 F.2d 28, 35 (2d Cir. 1979), it is unnecessary for the Court to address whether the instant matter is related to, or arises out of, a bankruptcy proceeding.

### III.     CONCLUSION

For the foregoing reasons, the motion to remand is DENIED.

IT IS SO ORDERED.

Dated: May 24, 2005

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge